**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PRIVATEFX GLOBAL ONE LTD., SA; 36 HOLDINGS LTD; ROBERT D. WATSON; and DANIEL J. PETROSKI,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 09-1540<br>and<br>Civil Action No. 09-1541<br>**(CONSOLIDATED)** |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PRIVATEFX GLOBAL ONE LTD., SA; 36 HOLDINGS LTD; ROBERT D. WATSON; and DANIEL J. PETROSKI,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**CONSENT ORDER OF PRELIMINARY INJUNCTION**
**AND FOR OTHER EQUITABLE RELIEF**
**AGAINST DEFENDANT PRIVATEFX GLOBAL ONE LTD., SA**

Plaintiff U.S. Commodity Futures Trading Commission (CFTC) has filed a Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief (DE#3) and moved for a preliminary injunction. The Court has considered the pleadings, exhibits, and memorandum filed in support of the CFTC's motion for preliminary injunction, and any opposition papers filed

thereto. The Court finds that defendant PrivateFX Global One Ltd., SA (Global One) acknowledges service of the Summons and Complaint, admits to this Court's jurisdiction over it and the subject matter of this action, and admits that venue lies properly with this Court. The Court further finds that Global One, without admitting or denying the allegations of the Complaint except as to jurisdiction and venue, consents to the entry of this Order. The Court also finds that Global One's consent to this Order is entered into voluntarily and that no promise or threat has been made by the CFTC, or any member, officer, agent, or representative of the CFTC, to induce Global One to consent to this Order.

As it appears to the Court that there is good cause to believe that Global One has engaged, is engaging in, or is about to engage in violations of the Commodity Exchange Act (the Act), 7 U.S.C. §§ 1 *et seq*. (2006), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 (CRA), §§ 13101-13204, 122 Stat. 1651 (effective June 18, 2008) and that this is a proper case for granting a preliminary injunction to preserve the status quo, protect public customers from further loss and damage, and enable the CFTC to fulfill its statutory duties, the Court finds as follows:

## I.

### *Jurisdiction and Venue*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

1. The Court has jurisdiction over the transactions at issue in this case pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2), for conduct that occurred on or after June 18, 2008, the date of enactment of the CRA. Section 6c(e) of the Act, 7 U.S.C. § 13a-1 (2006), authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person

has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that defendants are found, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

## II.

### *Prohibition from Violations of the Act*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

Global One, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Global One, and all persons insofar as they are acting in active concert or participation with Global One who receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

1. in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market–

(A) cheating or defrauding or attempting to cheat or defraud the other person;

(B) willfully making or causing to be made to the other person any false report or statement or willfully entering or causing to be entered for the other person any false record; [or]

(C) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contact for or, in the case of paragraph (2), with the other person;

in violation of Section 4b(a)(2)(A)-(C) of the Act, as amended by the CRA, to be codified at § 6b(a)(2)(A)-(C), which applies to defendants' foreign currency (forex) transactions "as if" they were a contract of sale of a commodity for future delivery. Section 2(c)(2)(C)(iv) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iv);

2. engaging in, controlling, or directing the trading for any commodity futures, security futures, options on futures, forex, or forex options account for itself or on behalf of any other person or entity, whether by power of attorney or otherwise; and

3. applying for registration or claiming exemption from registration with the CFTC in any capacity, or engaging in any activity requiring such registration or exemption from registration with the CFTC, or acting as a principal, agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC, except as permitted under Regulation 4.14(a)(9). This prohibition includes, but is not limited to, soliciting, accepting, or receiving any funds or other property from any person or entity in connection with the purchase or sale of any commodity futures, security futures, options on futures, forex, or forex options.

III.

*Force and Effect*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

This Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes. The Order Granting Plaintiff's Ex Parte Emergency Motion for Statutory Restraining Order, Appointment of Receiver, Expedited Discovery, Preliminary Injunction, and Other Equitable Relief (DE#10) previously ordered by the Court shall remain in full force and effect until further order of this Court.

**SO ORDERED**, this 4th day of JUNE, 2009, at Houston, Texas

SIM LAKE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF TEXAS

PrivateFX Global One Ltd., SA

By Thomas L. Taylor, III, Receiver for PrivateFX Global One Ltd., SA

Date: ~~May~~ June 2, 2009

Charles D. Marvine
Missouri Bar No. 44906
Braden M. Perry
Missouri Bar No. 53865
Christopher Reed
Missouri Bar No. 59025
U.S. Commodity Futures Trading Commission
Division of Enforcement
Two Emanuel Cleaver II Blvd., Ste. 300
Kansas City, MO 64112
Tel.: (816) 960-7743 (Marvine)
Tel.: (816) 960-7712 (Perry)
Tel.: (816) 960-7740 (Reed)
Fax: (816) 960-7750
cmarvine@cftc.gov
bperry@cftc.gov
creed@cftc.gov